Filed 2/14/22 (unmodified opinion attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ISRAEL GUTIERREZ ZAMORA, <br><br> Defendant and Appellant. | G059259 <br><br> (Super. Ct. No. 16CF1903) <br><br> ORDER MODIFYING OPINION, DENYING PETITION FOR REHEARING AND DENYING MOTION REQUESTING JUDICIAL NOTICE; NO CHANGE IN JUDGMENT |

The opinion filed January 14, 2022, is ordered modified as follows:

1.      Following the last sentence at the bottom of page 9, add the following in a separate paragraph:

"Zamora has filed a petition for rehearing, asking us to evaluate whether he is entitled to resentencing based on the amended version of Penal Code section 1170, subdivision (b), which became effective on January 1, 2022. We conclude the issue should be addressed, in the first instance, to the trial court. We direct the trial court, on remand, to set a briefing schedule on the issue, and then to hold a hearing to determine whether Zamora is entitled to

additional sentencing relief based upon the newly amended statute. If the court concludes Zamora is entitled to such relief, it shall resentence him accordingly. We offer no opinion on the substance of the claim."

2. Before the sentence "In all other respects the judgment is affirmed" in the Disposition section on page 10 of the opinion, add the following within the same paragraph:

"We also instruct the trial court, on remand, to set a briefing schedule to address Zamora's contention he is entitled to additional sentencing relief on the basis of the recent amendment of Penal Code section 1170, subdivision (b). The court shall then hold a hearing to determine whether Zamora is entitled to such relief based upon the newly amended statute. If the court concludes Zamora is entitled to such relief, it shall resentence him accordingly.

These modifications do not affect the judgment.

The petition for rehearing filed January 31, 2022, is DENIED.

As a result of these modifications, appellant's request for judicial notice is DENIED.

                                                    GOETHALS, J.
WE CONCUR:


BEDSWORTH, ACTING P. J.


ZELON, J.

    *Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 1/14/22 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ISRAEL GUTIERREZ ZAMORA,<br><br>  Defendant and Appellant. | G059259<br><br>(Super. Ct. No. 16CF1903)<br><br>O P I N I O N |

Appeal from an order and judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Order affirmed. Judgment reversed in part and remanded with directions.

Avatar Legal and Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

\*      \*      \*

Following his conviction on several charges, including attempted murder, kidnapping, and assault with a semiautomatic weapon, Israel Gutierrez Zamora filed a petition for disclosure of juror identifying information pursuant to Code of Civil Procedure section 237.[1] After denying the disclosure petition as untimely, the trial court sentenced Zamora to a total term of 98 years to life. Zamora then filed an appeal challenging the denial of his petition for disclosure; he also argued there were errors in his sentence and the abstract of judgment.

As a result of that first appeal, we reversed the order denying the petition, as well as the challenged aspects of the sentence and abstract, and remanded the case with directions. (*People v. Zamora* (Dec. 20, 2019, G055827) [nonpub. opn.]) (*Zamora 1*).) On remand, the court denied Zamora's disclosure petition on the merits, and corrected the sentence and abstract as directed.

Zamora now appeals from that second order which denied his disclosure petition, arguing that the court was statutorily required to release the identifying information for jurors who did not object to disclosure. We disagree. Section 237 obligates the court to release the information only if none of the jurors protest the disclosure. If any juror does object, the court must sustain the objection if it concludes the motion fails to show good cause for the release. That is what occurred in this case. Six of the twelve jurors objected to disclosure, which triggered the court's obligation to determine whether there was good cause for disclosure. After concluding there was not, the court properly denied the petition.

Zamora also challenges additional aspects of his sentence that were imposed when the court resentenced him following our remand. He argues he is entitled to the benefit of recent changes in the law that rendered certain sentence enhancements

---

[1] All further statutory references are to this code unless otherwise designated.

imposed under Penal Code section 667.5 inapplicable to this case. The Attorney General concedes the point and agrees the challenged enhancements must be stricken, rather than stayed. We also agree and remand the case to the trial court with directions to strike those sentence enhancements.

**FACTS**

This is the second appeal arising from the trial court's denial of Zamora's motion for disclosure of juror identifying information and alleged sentencing errors. Because neither issue relates to the convictions themselves, we incorporate the brief summary of facts underlying Zamora's convictions from our prior opinion.

"Zamora's charges were based on three separate incidents involving the same victim, J. Hernandez. In the first incident, Zamora and Hernandez were drinking together and got into a fist fight. During the fight, Zamora threatened Hernandez with a gun and unsuccessfully attempted to force Hernandez into his car; Hernandez escaped.

"The second incident occurred a few months later, when Hernandez was driving and Zamora walked into the street and began shooting at him, with several bullets hitting Hernandez's car. Hernandez crashed and took off running but Zamora followed him and told him to get into his car. Hernandez agreed, and the two of them spent the rest of the day together. Later that evening, Zamora threatened to kill Hernandez.

"The third incident occurred a few weeks later when Zamora went to Hernandez's house and threatened to hurt Hernandez or his family if Hernandez talked to the police." (*Zamora 1*, *supra*, G055827.)

Zamora was charged with nine counts. The jury found him guilty on counts 1 and 2 (attempted kidnapping and assault with a semiautomatic firearm); not guilty on count 3 (assault with a deadly weapon—pliers or screwdriver); guilty on counts 4 and 5 (attempted murder and kidnapping); guilty on counts 6 and 7 (assault with a

3

firearm and shooting at an occupied motor vehicle); and guilty on counts 8 and 9 (criminal threats and dissuading a witness or victim by force or fear).

"On January 3, 2018 [two days before the continued sentencing hearing], Zamora filed a motion to disclose juror identifying information arguing that there was good cause to disclose the information based on a declaration by Zamora's sister. According to her declaration, 'during one morning break near the beginning of the trial, I overheard a female juror walking back into the courtroom state to another female juror, "let's just find him guilty so we can get this over with." The juror was laughing as she said it. The second female juror also laughed about it.'" (*Zamora 1*, *supra*, G055827.)

The trial court determined Zamora's motion for disclosure of juror identifying information was untimely and denied the motion on that basis without considering its merits; the court then proceeded with Zamora's sentencing. Zamora appealed from the court's conclusion his motion was untimely, and also argued the court made several errors relating to his sentence and the abstract of judgment.

In *Zamora 1*, we concluded the request for a disclosure order was not untimely and remanded the case to the trial court with directions to consider the request on the merits. (*Zamora 1*, *supra*, G055827.) We also instructed the trial court to modify the sentence and abstract of judgment and directed the court "to prepare amended minutes and an amended abstract of judgment consistent with all ordered changes. In all other respects the judgment is affirmed." (*Zamora 1*, *supra*, G055827.)

Following remand, the court informed counsel it intended to direct the jury commissioner's office to give notice to the trial jurors of the potential release of their personal information; the court then "ordered the Jury Commissioner's Office to send notice to the named jurors on the present case notifying them of the release of juror information pursuant to Code of Civil Procedure 237 and the hearing date of July 17, 2020 at 8:30 AM in Department C39."

4

The jury commissioner's letter informed jurors the court had made a tentative decision to release their juror identification information to counsel for both parties; the letter also told the jurors they had the right to object to the release, either personally or in writing, pursuant to section 237, subdivision (c). The jurors were informed of the date and time of the hearing at which the court would make the final decision. Six of the jurors objected in writing to the disclosure of identifying information.

The July 17 hearing was continued to July 28; on July 27, Zamora filed a supplemental brief arguing that despite the objections of some jurors, he had made a prima facie showing of good cause for disclosure of juror identification information. He pointed out that aside from the specific content of the juror's statement, the fact that jurors were discussing the case at all was misconduct—a direct violation of the court's repeated admonition directing them not to do so.

The court read and considered Zamora's supplemental brief; it then denied the petition. As the court explained at the hearing, "[f]or the court to release juror information, among the things that the court has to find is that the alleged misconduct must be of such a character as is likely to have influenced the verdict improperly. The court does not so find." The court then explained that it is not uncommon for jurors to joke with each other, and it is apparent from "their body language or what they say or how they act, whether smiling or laughing," which is contrasted with what they look like "as they're receiving evidence, whether they're bored or taking the evidence seriously." The court viewed the comment described by Zamora's sister as "a casual comment by one juror to another [that was] a joke about probably the amount of time that I told them this case was going to take."

The court also pointed out that the jury had "asked for two separate readbacks of the testimony, which indicates to me that they took their obligation seriously and examined the evidence and the instructions of the court seriously." The court also

5

stated it believed the evidence in the case "was overwhelmingly towards guilt." Based on those factors, "the court does not find that the defense has shown good cause and refuses then to release the juror information."

## DISCUSSION

1. *Governing Law*

For all cases in which the jury's verdict was returned on or after January 1, 1996, the right to obtain the jurors' personal identifying information is governed by section 237.

Section 237, subdivision (a)(2), requires that after the verdict is recorded in a criminal case, the trial jurors' "personal juror identifying information"—defined as their names, addresses, and telephone numbers—shall be sealed. However, "[a]ny person may petition the court for access to these records. The petition shall be supported by a declaration that includes facts sufficient to establish good cause for the release of the juror's personal identifying information." (§ 237, subd. (b).)

If the trial court finds that the moving party made a prima facie showing of good cause, and if it finds no compelling interest against disclosure, it shall set the matter for hearing. (§ 237, subd. (b).) The trial jurors are entitled to notice of the hearing, an opportunity to "protest the granting of the petition," and an opportunity to appear. (§ 237, subd. (c).)

If none of the jurors object to the petition for disclosure, the trial court must grant disclosure following the hearing. However, if one or more jurors does object, the court must sustain the protest(s) "if, in the discretion of the court, the petitioner fails to show good cause, the record establishes the presence of a compelling interest against disclosure as defined in subdivision (b), or the juror is unwilling to be contacted by the petitioner." (§ 237, subd. (d).) Moreover, "[t]he court shall set forth reasons and make express findings to support the granting or denying of the petition to disclose." (*Ibid.*)

6

Trial courts have broad discretion when ruling on a motion to release juror contact information. (*People v. Russell* (2017) 9 Cal.App.5th 1050.) The trial court's decision to deny such a request is reviewed for abuse of discretion. (*Id.* at p. 1059.)

2. *The Court's Ruling on the Disclosure Motion*

Zamora argues the court abused its discretion by refusing to order disclosure of the juror identifying information for the six jurors who did not object to disclosure. According to Zamora, section 237 "only blocks the release of contact information for those jurors who object to release," and the plain language of the statute requires the court "to release the information of those jurors who did not object." Zamora misreads the statute.

Section 237, subdivision (b), requires the court to set a hearing, and notify the jurors, if the defendant makes a "prima facie" showing of good cause for disclosure, unless the court finds a compelling interest against disclosure. But that does not mean the court has made a finding that good cause exists. It is merely a determination that good cause potentially exists. "Prima facie evidence is that which will support a ruling in favor of its proponent if no controverting evidence is presented. [Citations.] It may be slight evidence which creates a reasonable inference of fact sought to be established but need not eliminate all contrary inferences." (*Evans v. Paye* (1995) 32 Cal.App.4th 265, 280-281, fn. 13; accord, *Anti-Defamation League of B'nai B'rith v. Superior Court* (1998) 67 Cal.App.4th 1072, 1098.)

The issue of whether good cause exists is ultimately resolved at the scheduled hearing. Subdivision (c) of section 237 states that "[a]ny affected former juror may appear in person, in writing, by telephone, or by counsel to protest the granting of the petition." A juror's objection is not limited to the disclosure of his or her personal information; rather, a juror's protest can support a denial of the petition in its entirety.

Following the hearing, the court must make the records available as requested in the petition "unless a former juror's protest to the granting of the petition is

7

sustained." (§ 237, subd. (d).) So, if no juror protests, the records shall be released as requested. However, where one or more jurors protest, the court is required to "sustain the protest" if the court determines "the petitioner fails to show good cause, the record establishes the presence of a compelling interest against disclosure as defined in subdivision (b), or the juror is unwilling to be contacted by the petitioner." (§ 237, subd. (d).)

Here, in response to the protests of six jurors, the court made a determination at the hearing that, when considered in the wider context of the trial, the evidence offered by Zamora did not show good cause for disclosure of the juror identifying information. That is precisely what the statute requires; we find no error.

Zamora relies on *Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1097, as well as this court's decision in *DeHoyos v. Superior Court* (2020) 50 Cal.App.5th 71, 82, for the proposition that the court cannot "unilaterally prohibit all contact" with jurors. Those cases are inapposite, as both involved cases in which the jury verdicts were returned long before the effective date of section 237, and both challenged the validity of juror "no contact" orders. There is no such order in place here. The court's denial of Zamora's petition for disclosure of the juror identifying information does not "prohibit all contact" with the jurors. It denies him access to sealed records.

Zamora does not make the additional argument that the court's rejection of his good cause argument under section 237 was an abuse of discretion. We consequently need not address that point. We nonetheless observe that, in addition to the facts highlighted by the court in its ruling, its conclusion is bolstered by the fact the jury found Zamora not guilty of count 3. That verdict is inconsistent with the contention that any juror chose to "find him guilty so we can get this over with."

3.  *Retroactively Unlawful Sentence*

Zamora also challenges several sentence enhancements. Specifically, Zamora explains that "[b]efore appellant's original sentence, the trial court found

8

appellant had suffered one prior felony conviction resulting in prison sentence pursuant to [Penal Code] section 667.5, subdivision (b), and found appellant had committed three prior violent felony convictions resulting in prison sentences pursuant to [Penal Code] section 667.5, subdivision (a). [Citation.] The prison priors resulted from convictions for remaining in the United States after deportation, making a criminal threat ([Penal Code] § 422), attempted robbery ([Penal Code] §§ 664, 211), and assault ([Penal Code] § 245). [Citations.] The court imposed but stayed a one-year enhancement along with three three-year enhancements in calculating appellant's third strike sentences on Counts 1, 2, 4, 6, 7, and 8."

Zamora acknowledges the one-year enhancement imposed (but stayed) under subdivision (b) of Penal Code section 667.5 was proper when initially imposed because the subdivision previously applied to any prior prison term that did not fall within subdivision (a). However, he correctly points out that the statute was amended effective January 1, 2020, to specify that the subdivision (b) enhancements would be imposed only where the prior prison term resulted from "'a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'" (§ 667.5, subd. (b).) That amendment applies retroactively to all defendants whose judgments were not yet final. (*People v. Herrera* (2020) 52 Cal.App.5th 982, 995.)

Because Zamora's prior prison term was not for a qualifying sexually violent offense as required under the amended version of Penal Code section 667.5, subdivision (b), he contends the one-year enhancement does not apply to this case and must be stricken as to all counts. Zamora also argues the three-year enhancements imposed (but stayed) under Penal Code section 667.5, subdivision (a), are unlawful and must be stricken because none of the prior convictions relied upon to support them was a violent felony as specified in subdivision (c) of the statute.

The Attorney General agrees with Zamora on both counts, and so do we.

## DISPOSITION

The order denying Zamora's petition for disclosure of juror identifying information is affirmed. We reverse the judgment in part and remand the matter to the trial court with instructions to strike the sentence enhancements that were imposed (but stayed) pursuant to Penal Code section 667.5, subdivisions (a) and (b), on counts 1, 2, 4, 6, 7, and 8. In all other respects the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ZELON, J.

\*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.